FILED
2009 Jun-11  PM 03:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTH DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| Channdra Isom -Law | ) |
| | ) |
| Plaintiff. | ) **CIVIL ACTION NO.:** |
| | ) |
| V | ) |
| | ) **Jury Trial Demanded** |
| Direct Capital Corporation | ) |
| Recovery and Collection | ) |
| Services, a Corporation | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT

This is a complaint for money damages for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, the Fair Credit Billing Act, 15 U.S.C section 1601 Conversion and Invasion of Privacy.

1. The plaintiff, Channdra Isom-Law, (hereinafter, plaintiff), seeks declatory relief, injunction relief and other relief including money damages for the improper taking, and conversion of her personal property from the plaintiff by the defendant Direct Capital Corporation Recovery and Collection Services (hereinafter Direct Capital or defendant). The plaintiff did not owe any debt to the defendant, and there was no contractual agreement, or relationship between the plaintiff and defendant. Plaintiff is a

1

consumer as defined by the statue but at no time had plaintiff ever had any

contractual relationship with the defendant or owed the defendant any debt.

2.  Defendant, Direct Capital Corporation Recovery and Collections Services

is a New Hampshire corporation and is a creditor as defined by the statue.

## JURISDICTION AND VENUE

3.  Jurisdiction of this court is involved pursuant to 28 U.S.C section1331,

1343(3), 1343(4) and 28 U.S.C. section 2201 and 2202.  The actions

complained of were all committed within the state of Alabama and venue is

proper in Alabama pursuant to 28 U.S.C. section 1391.

4.  The state law claims for Conversion and Invasion of Privacy arise out of

the same nucleus of common facts and are proper to be brought together in

the same cause of action

## PARTIES

5.  Plaintiff, Channdra Isom-Law (hereinafter plaintiff) is a female resident

of Hoover, Alabama, a citizen of the United States.  Plaintiff at no time has

had any contract with the defendant and at the time that the defendant

illegally removed funds from her banking account at Legacy Community

Federal Credit Union, located in Birmingham, Alabama, defendant did not

have a judicial judgment or lien against the plaintiff.

6.  Defendant, Direct Capital Corporation Recovery Services is a New Hampshire corporation and is a creditor as defined by the statue.  Direct Capital, is a debt collection agency.  At all time relevant Direct Capital had a contractual relationship and was owed a legal debt by Metro Auto Detail, LLC located at 830 2nd Avenue North Birmingham, Alabama.  Metro Auto Detail is owned in part by Eldger Law.  Channdra Isom-Law wife of Eldger Law is not an owner or principle with Metro Auto Detail.

## STATEMENT OF FACTS

7.  On or about August 25, 2005 Eldger Law entered into contract number 013-0001945-000; and on March 28, 2007 Mr. Law entered into contract number 010-001945-001 with Direct Capital.  Both are commercial accounts of Mr. Law as a principle with Metro Auto Detail.   Channdra Isom-Law is not a principle in Metro Auto Detail and is not signatory to either contract.  At no time has Direct Capital Corporation ever received a judicial judgment or legal determination against Channdra Isom-Law, Eldger Law or Metro Auto Detail.  At no time has Channdra Law owed any debt or entered into any contract with Direct Capitol Corporation.

8.  In December 2008, plaintiff allowed Direct Capital to debit $721.00 from her banking account for Metro Detail.  Plaintiff gave Direct Capital

permission to withdraw the funds on her account for that one time payment only!

9.  In January 2009, Direct Capital, without the permission of the plaintiff and without any prior notice, or judicial judgment withdrew a second $721.20 from the plaintiff's checking account with Legacy Federal Credit Union.  Plaintiff never authorized this January withdrawal.  The unauthorized withdrawal by Direct Capital caused the plaintiff's account to be overdrawn, it caused other checks to be returned to her as insufficient funds and caused her overdraft penalties.  These overdrafts also became part of her credit history.

10.  Plaintiff immediately called Direct Capital and informed them of Direct Capital mistake in taking funds from her account.  Plaintiff talked first with Ellen Brouch.  However, after their first conversation Ms. Brouch refused to call the plaintiff back and gave her the run around.

11.  The plaintiff contacted Direct Capital again in an attempt to resolve the matter and this time she talked with Ryan Hodsdon, Mr. Hodsdon was both rude and offensive in his response to the plaintiff's request that her money be returned.  Hodson told plaintiff that they, Direct Capital, were "owed" the money."

12.  The defendant finally returned the plaintiff's money, but failed to compensate her for the insufficient funds fees and to compensate her for the pain, suffering and embarrassment she suffered.

## COUNT I: VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff re-alleges paragraphs 1 through12 as if fully set forth herein.

14.  Defendant Direct Capital Corporation wrongfully collected a debt from the plaintiff in violation of the Fair Debt Collection Practices Act 15 U.S.C. section 1962.

15.  At the time that Direct Capital illegally withdrew funds from the plaintiff's banking account, Direct Capital did not have any contractual relationship with the plaintiff and did not have a judicial judgment against the plaintiff.

16.  Moreover, the agents for Direct Capital gave plaintiff false information concerning the taking of her monies, and both Ms. Brouch and Mr. Hodsdon were both rude and harassing in dealing with the plaintiff in violation of the statue.

17.  After plaintiff attempted to dispute the debt, plaintiff was falsely told by Direct Capital's agent Ryan Hodsdon that Direct Capital was " owed the

money." Plaintiff did not have a contractual relationship with Direct Capital and did not owe any debt to the defendant.

18. Plaintiff was damaged in that monies were illegally withdrawn from her banking account without her permission , and without a judicial judgment. The withdrawal was in violation of Federal Law and caused the Plaintiff, embarrassment, humiliation and other pain and suffering. Moreover, plaintiff's checking account was overdrawn, causing bills to other creditors to go unpaid, and the plaintiff to incur late fees from her creditors and insufficient funds fees from her bank. Plaintiff was also denied the opportunity to write checks because her name was placed on a National Bad Check list.

19. Direct Capital removal of funds from the plaintiff's banking amount was in violation of federal law and malicious, reckless and willful and the plaintiff is entitled to recover of the defendant compensatory and punitive damages.

## COUNTII: CONVERSION

20. Plaintiff re-alleges 1 through 19 as is fully set forth herein.

21. Direct Capital appropriated the personal funds of the Plaintiff to Direct Capital's own use and benefit.

22. Direct Capital exercise of dominion over the funds of the plaintiff were to the exclusion and in defiance of plaintiff's right to hold, have and use said funds.

23. Direct Capital exercise of dominion and withholding of the bank funds from the plaintiff were against plaintiff's ownership and dominion of the removed bank funds.

24. Direct Capital conversion of said funds was without a judicial order or a contractual basis and was malicious, reckless and willful and the plaintiff is entitled to recover compensatory and punitive damages.

## COUNT III: FAILURE TO VALADATE
## DEBT PRIOR TO COLLECTION

25. Plaintiff re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. Defendant, Direct Capital violated section 1692 of the Fair Debt Collection Practices Act by failing to verify the debt prior to willfully and maliciously withdrawing funds from the plaintiff's banking account and giving plaintiff the opportunity to dispute said debt in violation of federal law.

27. Direct Capital conversion of said funds was without a judicial order or a contractual basis and was malicious, reckless and willful and the plaintiff is entitled to recover compensatory and punitive damages.

## COUNT IV: INVASION OF PRIVACY

28. The plaintiff re-alleges paragraphs 1 through 27 as if fully set forth herein.

29. Defendant, Direct Capital Corporation, invaded the privacy of plaintiff by misappropriating her funds from her banking account which they did not have any legal right to do.

30. The actions of Direct Capital were in violation of state law and caused the plaintiff's checking account to be overdrawn, causing the plaintiff to incur insufficient funds fees with her bank and caused the plaintiff's name to be placed on a National Bad Check list, which prevented the plaintiff from writing checks. Absent the action of Direct Capital, plaintiff's name would not have been placed on this list and she would have been able to continue to write checks without the fear that her checks would not be accepted.

31. Each of the above caused the plaintiff to suffer public ridicule and/or contempt as she could no longer write checks.

32. Direct Capital conversion of said funds was without a judicial order or a contractual basis and was malicious, reckless and willful and the plaintiff is entitled to recover compensatory and punitive damages.

## PRAYER FOR RELIEF

8

**WHEREFORE**, the plaintiff respectfully prays that this Court assume of this action and after trial:

1.Issue a declaratory judgment that the policies, practices, procedures, conditions and customs of the defendant are violation of the rights of the plaintiff as secured by the Fair Debt Collection Practices Act, 15 U.S.C section 1692, the Fair Credit Billing Act , 15 U.S.C section 1601 Conversion and Invasion of Privacy. Grant plaintiff a permanent injunction enjoining the defendant, their agents, successors, employees, attorneys and those acting in concert with the defendants and at the defendant's request from continuing to violate the Fair Debt Collection Practices Act, 15 U.S.C section 1692, the Fair Credit Billing Act , 15 U.S.C section 1601 Conversion and Invasion of Privacy.

3. Enter an Order requiring the defendant to make the plaintiff whole by awarding plaintiff punitive, statutory and compensatory damages, where appropriate.

4. The plaintiffs further pray for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

9

Byron R. Perkins
Attorney for Plaintiff

**OF COUNSEL:**
**Byron R. Perkins**
COCHRAN FIRM
505 20TH Street North, Suite 825
Birmingham, Alabama 35203
Telephone: (205) 244-1115
Facsimile: (205) 244-1171

10